STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-026


MARK J. AYOTTE,

Petitioner

v.

ORDER

MAINE, STATE TAX ASSESSOR,

Respondent


Pending is the State's Motion to Lift Stay and Dismiss. Following hearing, both motions are Granted.

This is a Rule 80C appeal from a decision of a hearing officer of the Maine Revenue Service denying relief. The petitioner claims that the Portsmouth Naval Shipyard is in New Hampshire and he is not a Maine resident; therefore his Shipyard earnings are not subject to Maine income tax law. The fatal defect in this argument is that the United States Supreme Court has conclusively established that the border between the two states was the middle of the main channel of navigation of the Piscataqua River inland from the mouth of Portsmouth Harbor. *New Hampshire v. Maine*, 121 S.Ct. 1808 (2001).

This result was compelled because the Supreme Court had earlier entered judgement on a consent decree between the States which described the "Middle of the River" as the critical point for purposes of establishing the lateral marine boundary (the boundary from the mouth of the harbor seaward), and the Court

concluded that the doctrine of judicial estoppel precluded New Hampshire from asserting a different, more favorable, position now. The petitioner argues that New Hampshire's decision to enter into the earlier consent decree was improvident because the weight of the historical evidence would support a finding that the proper location of the boundary was along the Maine shore of the Piscataqua River. Assuming for the purpose of argument only that their interpretation of the historical evidence is correct, it is irrelevant to the pending case.

The essence of the recent Supreme Court decision is that if New Hampshire wanted to make the historical arguments which these petitioners now assert, it was required to do so in the earlier case. For whatever reasons, New Hampshire chose not to and settled by consent. New Hampshire and her citizens remain bound by that choice.

By easy and comfortable application of the doctrine of judicial notice, if the boundary between the states is the middle of the navigational channel of the Piscataqua River, then the shipyard must be in Maine. This fact is conclusively established by reference to any map. There is no other state northeast of that boundary.

While not questioning their sincerity or minimizing their frustration, the State's Motion is Granted. In order to succeed the petitioners would have to establish that the shipyard is not in Maine and that fact has finally and conclusively been decided against them.

Dated:     November 13, 2001

G. Arthur Brennan
Justice, Superior Court

2

STATE OF MAINE                 SUPERIOR COURT
YORK, ss.                          CIVIL ACTION
                                      DOCKET NO. AP-01-026

MARK J. AYOTTE,          )
                           )
       Petitioner       )
                           )
       V.                   )
                           )
STATE TAX ASSESSOR,    )
                           )
       Respondent.     )

### ORDER ON STATE TAX ASSESSOR'S MOTION (1) TO LIFT THE STAY AND (2) TO DISMISS

This matter came before the court on the State Tax Assessor's Motion (1) to Lift the Stay and (2) to Dismiss. After reviewing the parties' submissions, the court GRANTS the Assessor's motion and rules as follows.

### DISCUSSION

This Rule 80C case, which was stayed pending the United States Supreme Court's consideration of State of New Hampshire v. State of Maine, 121 S. Ct. 1808 (2001), involves a single issue – whether the Portsmouth (or Kittery) Naval Shipyard (the "Shipyard") is in Maine or New Hampshire. If the Shipyard is in Maine, then the Petitioner, a resident of New Hampshire, is liable for Maine Income Tax with respect to the income from his employment at the Shipyard for the years at issue. 36 M.R.S.A. § 5142 (1990 & Supp. 2000).

On May 29, 2001, the United States Supreme Court held that the boundary between Maine and New Hampshire was the middle of the Piscataqua River, which placed the Shipyard in Maine.

## ORDER

Accordingly, the court enters the following Order:

1.      The stay shall be lifted now that the United States Supreme Court has decided the underlying issue.

2.      The court shall dismiss the Petitioner's action since the United States Supreme Court has ruled in <u>State of New Hampshire v. State of Maine</u> that the Shipyard is in Maine. Accordingly, the income that Petitioner derived from his employment at the Shipyard for the years at issue is taxable by Maine under 36 M.R.S.A. § 5142.

3.      Judgment shall enter in favor of the Assessor.

Dated:     11/13/01

JUSTICE, SUPERIOR COURT

2